UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALVIN P. WILLIAMS, )  | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | No. 13-1336 |
| ) | |
| K. MELVIN, J. JAMES, and ) | |
| P. KRAUSHAAR, ) | |
|   DefendantS. ) | |

## MERIT REVIEW ORDER

This cause is before the Court for merit review of Plaintiff's Complaint [d/e 1]. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Plaintiff, Alvin P. Williams, has filed his lawsuit claiming that his constitutional rights were violated at Pontiac Correctional Center by three Defendants including Lt. K. Melvin, Sgt. J. James, and C/O P. Kraushaar.

Plaintiff says that on October 29, 2010, Plaintiff returned from his assignment to the protective custody unit and about two hours later Defendant Kraushaar asked Plaintiff and his cellmate if they had had their showers. Plaintiff's cellmate informed Kraushaar that Plaintiff had not. When Kraushaar began running showers for Plaintiff's gallery, Kraushaar kept passing by Plaintiff's cell and ultimately, Plaintiff did not get a shower. Plaintiff says that he asked Kraushaar about his shower and Kraushaar told him he was marked off and Defendant James also indicated that Plaintiff was marked off for going to the yard and so Plaintiff would not get a shower. On October 30, 2010, Defendant Kraushaar asked Plaintiff about his shower, but Plaintiff ignored him to avoid further arguments and hassles. Plaintiff says that 15 minutes later, Kraushaar and Defendant James returned to Plaintiff's cell, ordered Plaintiff and his cellmate to cuff up, both inmates were placed elsewhere, and Defendants Kraushaar, James, and Melvin proceeded to go through Plaintiff's cell and personal property. Plaintiff also says that when he and his cellmate returned to the cell, they noticed several items were missing including legal materials, grievances, special dates, and phone numbers. Plaintiff says that he was not allowed to go get meals on October 31, 2010 (because his I.D. had been taken), was not allowed to go to the law library (because his I.D. had been taken) on November 1, 2010, and was required to pay $5 for a new I.D. card when he was taken to get a new one on November 1, 2010.

Plaintiff states a claim for retaliation against Defendants Kraushaar, James, and Melvin. To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in

1

activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted).  While Plaintiff attempts to set forth a separate claim for the violation of his freedom of speech, his allegations of that violation are clearly encompassed within his retaliation claim.  Defendants remain in both their individual and official capacities, to the extent Plaintiff seeks injunctive relief.

Plaintiff does not state an access to courts claim.  Prisoners have a fundamental right of access to the courts and states have an affirmative obligation to assure that all prisoners have meaningful access.  *Bounds v. Smith*, 430 U.S. 817, 821, 824 (1977).  Moreover, the fundamental right requires prison officials to assist inmates in the preparation and filing of meaningful legal papers.  *Id*. at 828.  "The right of access, however, is not 'an abstract freestanding right to a law library or legal assistance.'"  *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (*citing Lewis v. Casey*, 518 U.S. 343, 351 (1996)).  Thus, a prisoner must allege some action by the prison has impeded or otherwise frustrated an attempt to bring a nonfrivolous legal claim.  *Id*. at 661.

Here, Plaintiff says that his legal papers, legal books, and log for legal dates, among other things, were taken when Defendants shook down Plaintiff's cell on October 30, 2010.  Plaintiff says that as a result of the shakedown, he missed his November 8, 2010 deadline to file his PLA (Petition for Leave to Appeal) in the Illinois Supreme Court.  However, Plaintiff does not state what his legal claims were in his PLA, and so he has not demonstrated that he had a nonfrivolous claim that was frustrated by Defendants' alleged actions.  *See id.* (no claim where the plaintiff's inability to copy documents did impede his postconviction proceedings, but Plaintiff had not identified the underlying legal claims).

Plaintiff also does not set forth a conditions of confinement claim.  Conditions of confinement constitute cruel and unusual punishment in violation of the Constitution where they are "grossly disproportionate" to the offense or where they deprive inmates of the minimal civilized measure of life's necessities.  *See Rhodes v. Chapman*, 452 U.S 337, 347 (1981) (identifying as essential food, medical care, and sanitation); *Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir. 1996) ("Prison officials must ensure that inmates receive adequate food, clothing, shelter, protection, and medical care.").  Here, going without meals for just one day does not amount to a constitutional violation.

Plaintiff's Motions for Status [d/e 4, 5, 6] and Motion for a copy of the Merit Review Order [d/e 7] are rendered moot.

**IT IS THEREFORE ORDERED that:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges a claim for retaliation against Defendants Melvin, James, and Kraushaar in both their individual and official capacities.  Any claims not set forth in herein shall not be included in the case, except in    the Court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Motions for Status [d/e 4, 5, 6] and Motion for a copy of the Merit Review Order [d/e 7] are rendered MOOT.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED this 18th day of December, 2013.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE